UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOULISSA T.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C24-5292-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in assessing her testimony and relying on inadmissible testimony. (Dkt. # 13.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 15.) Plaintiff did not file a reply. Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefs, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1975, has a high school education, and has worked in cashiering, stocking, cooking, cleaning, and child care. AR at 33-34, 49-51. Plaintiff was last gainfully employed in 2010. *Id.* at 50.

In August 2020, Plaintiff applied for benefits, alleging disability as of February 15, 2012. AR at 17. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in January 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-35, 44-78.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff had the severe impairments of morbid obesity, diabetes, sleep apnea, degenerative joint disease of the knees, degenerative disc disease of the lumbar spine, anxiety, and depression. AR at 19. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform routine, light work, standing a total of two hours and sitting six hours per day, alternating sitting for an hour and standing for five to ten minutes. *Id.* at 23. Finding Plaintiff could perform jobs that exist in significant numbers in the national economy, the ALJ found Plaintiff not disabled. *Id.* at 34-35.[3]

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] The Court notes that one of the occupations the ALJ relied on was sorter, DOT code 521.687-086. AR at 34, 73. The Social Security Administration recognized the obsolescence of this occupation, issuing an Emergency Message prohibiting ALJs from relying on it without additional, specific testimony from a vocational expert as to its applicability and availability. *See* Soc. Sec. Admin., EM-24027 (June 22, 2024), https://secure.ssa.gov/apps10/reference.nsf/links/06212024022159PM (last visited Oct. 28, 2024). The ALJ relied on two other occupations, however, with over 160,000 jobs in the national economy. AR at 34.

ORDER - 2

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.     DISCUSSION

### A.     The ALJ Did Not Err in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, but whether the ALJ's reasoning is clear enough that it has the power to convince. *Smartt*, 53 F.4th at 499.

Plaintiff argues the ALJ erred by failing to include in the RFC a limitation based on her testimony that she must elevate her legs when sitting. (Dkt. # 13 at 7-8.) Plaintiff testified she can sit comfortably for 15 minutes but only with her feet elevated. AR at 65; *see id.* at 67 ("as much as I'm sitting, I always have my . . . feet elevated").

The ALJ discounted Plaintiff's testimony of extreme standing, walking, and sitting limitations based on modest findings in the medical record, improvement of knee pain with treatment, and conflict with Plaintiff's activities. AR at 25-27, 30. Plaintiff generally argues that the ALJ "offer[ed] no finding or conclusion as to what evidence undermines which portions of Plaintiff's alleged limitations." (Dkt. # 13 at 6.) The ALJ provided several clear and convincing reasons to discount Plaintiff's testimony of extreme, debilitating limitations. For example, the ALJ found Plaintiff's care for her adult disabled son, which she described as doing "everything" for him, including preparing his meals, bathing him, changing him, and helping him dress, was inconsistent with her testimony. AR at 30, 60, 586. Plaintiff's vague argument fails to identify any error in the ALJ's analysis. The Court concludes the ALJ did not err in discounting Plaintiff's testimony.

### B. The ALJ Did Not Err in Considering Hearing Testimony

Plaintiff argues the hearing transcript "clearly and unequivocally shows that neither the VE [vocational expert] nor the Plaintiff affirmatively testified under oath or affirmation, as required[.]" (Dkt. # 13 at 11.) The Commissioner contends that, although the transcript does not include the words of the oath, it notes that each witness testified after "having been first duly sworn[.]" (Dkt. # 15 at 11 (quoting AR at 49, 71).) Plaintiff failed to submit any reply contesting the Commissioner's argument.

Plaintiff fails to establish that she or the VE did not testify under oath or affirmation. Furthermore, Plaintiff—who was represented by counsel at the hearing—did not raise any objections regarding the administration of the oath. AR at 47, 78. As established in *Shaibi v. Berryhill*, claimants must raise all issues during administrative hearings to preserve them for appeal. 883 F.3d 1102, 1109 (9th Cir. 2017) (claimants must "raise all issues and evidence at their administrative hearings in order to preserve them on appeal"). Plaintiff also fails to allege any prejudice resulting from the alleged procedural error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Accordingly, the ALJ's reliance on the testimony from Plaintiff and the vocational expert was free of error.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 29th day of October, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge